UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DARLENE SOTO,

                Plaintiff,

      – against –                                  **MEMORANDUM & ORDER**
                                                  17-CV-2377 (PKC)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

        Plaintiff Darlene Soto ("Plaintiff") brings this action under 42 U.S.C. § 405(g), seeking judicial review of the Social Security Administration's ("SSA") denial of her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have cross-moved for judgment on the pleadings. (Dkts. 9, 11.) For the reasons set forth below, the Court grants Plaintiff's motion for judgment on the pleadings and denies the Commissioner's motion. The case is remanded for further proceedings consistent with this Order.

## BACKGROUND

        Plaintiff filed an application for DIB on October 24, 2013, and for SSI on November 20, 2013, claiming that she had been disabled since October 21, 2013. (Tr. 161, 163.)[1] The claim was initially denied on March 5, 2014. (Tr. 85.) After her claim was denied, Plaintiff requested a hearing on March 19, 2014 and appeared before an administrative law judge ("ALJ") on December 17, 2015. (Tr. 38-62, 101-02.) By decision dated February 3, 2016, ALJ Gregory G. Kenyon found that Plaintiff was not disabled within the meaning of the Social Security Act, from the alleged onset of her disability on October 21, 2013, through the date of the ALJ's decision. (Tr. 31.) On March 9, 2016, Plaintiff requested a review of the decision by the Appeals Council. (Tr. 16.) The Appeals Council denied the

---

[1] All references to "Tr." refer to the consecutively paginated Administrative Transcript.

request for review on March 15, 2017. (Tr. 1-5.) Based upon this denial, Plaintiff timely filed this action seeking reversal or remand of ALJ Kenyon's February 3, 2016 decision.

## DISCUSSION

A district court reviewing a final decision of the Commissioner must determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005). If there is substantial evidence in the record to support the Commissioner's factual findings, they are conclusive and must be upheld. 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted).

Plaintiff argues that the ALJ's denial of Plaintiff's DIB application was not supported by substantial evidence because the ALJ failed to give appropriate deference to Plaintiff's treating physician, improperly substituted his own judgment for medical opinions, and failed in his affirmative duty to develop the record. (Dkt. 9-1, at 11.) For the reasons stated below, the Court finds that the ALJ's decision denying Plaintiff's disability application was not supported by substantial evidence because the ALJ committed crucial errors that warrant remand.

First, the ALJ failed to properly evaluate the objective medical evidence when determining that Plaintiff's depression, which the ALJ found to be "severe," did not meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). (Tr. 24.) The ALJ failed to consider the opinions of Plaintiff's treating mental health providers before concluding that her depression did not satisfy the Listings. Plaintiff received mental health services to treat major depression, adjustment disorder with anxiety, acute anxiety, and depression

from counselors at A New Direction for Counseling ("New Direction"). (Tr. 437-39.) The record contains two letters from New Direction, dated March 17, 2015 and November 9, 2015, indicating that Plaintiff began treatment with its counselors on February 19, 2015 and had attended "a total of 11 sessions" as of November 9, 2015. *Id.* However, the ALJ made no mention of these letters and no reference to the providers in his decision. Rather, the ALJ simply stated that he had relied solely on the findings of the one-time psychiatric consultative examination conducted by Dr. Brickell Quarles.[2] (Tr. 27.) Although counselors are not "acceptable medical sources" whose opinions are entitled to controlling weight, the ALJ is not at liberty to ignore or disregard these opinions. *Perez v. Colvin*, No. 14-CV-9733 (VB)(JCM), 2016 WL 5956393, at *12 (S.D.N.Y. July 21, 2016) (quoting *Cordero v. Astrue*, No. 11-CV-5020 (PAE)(HBP), 2013 WL 3879727, at *3 (S.D.N.Y. July 29, 2013)). The opinions of non-medical experts "must be considered by an ALJ." *Mitchell v. Colvin*, No. 09-CV-5429, 2013 WL 5676289 (ENV), at *8 (E.D.N.Y. Oct. 17, 2013) (holding that the "ALJ failed to properly evaluate the opinions of the non-medical experts that treated [the claimant]" because he "made no reference to any of the individual non-medical sources or their actual judgments about [the claimant's] impairments and functioning").

Second, despite finding that Plaintiff had "severe" physical impairments, including "fibromyalgia, mild cervical [degenerative disc disease], [and] residuals of a right knee contusion" (Tr. 24), the ALJ summarily concluded that there were "no findings in the record that meet or medically equal the criteria set forth in any section of the Listings. Furthermore, no treating or examining source, or any reviewing source, has stated an opinion that the claimant's impairments meet or equal any listing" (Tr. 26). However, it is not clear from the ALJ's decision how he

---

[2] It is also worth noting that the ALJ gave "great weight . . . to Dr. Quarles's opinion" in determining Plaintiff's residual functional capacity ("RFC"). (Tr. 29.)

3

reached this conclusion; his cursory statement fails to specify which physical impairments he evaluated and which medical records he consulted. The ALJ simply failed to provide any explanation – other than the aforementioned cursory statement – as to which Listing criteria were not satisfied. It is not incumbent upon this Court to attempt to discern the reasoning behind the ALJ's conclusion. Rather, the ALJ must provide "an accurate and logical bridge" from his reasoning to his conclusion. *See Collins v. Berryhill*, No. 16-CV-6673 (PKC), 2018 WL 259282 at *7 (E.D.N.Y. Jan. 2, 2018) (citing *Suide v. Astrue*, 371 F. App'x 684, 690 (7th Cir. 2010) ("When an ALJ denies benefits, she must build an accurate and logical bridge from the evidence to her conclusion . . . and she is not allowed to 'play doctor' by using her own lay opinions to fill evidentiary gaps in the record")). The Court finds that it is "unable to fathom" what conditions and information the ALJ considered in reaching his determination. *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) ("[W]here [the Court] is 'unable to fathom the ALJ's rationale in relation to evidence in the record . . .,' we will not 'hesitate to remand for further findings or a clearer explanation for the decision.'") (quoting *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982)). Therefore, the ALJ's conclusion that Plaintiff's impairments did not satisfy any section of the Listings, based on a cursory and unexplained analysis of her physical impairments and an incomplete analysis of her depression, was not supported by substantial evidence.

Third, the Court finds that the ALJ's assessment of Plaintiff's residual functional capacity ("RFC") warrants remand. The ALJ erred by failing to consider the entire record and fully develop the record, and by impermissibly substituting his lay opinion for medical evidence. In determining Plaintiff's RFC, the ALJ provided an extensive overview of Plaintiff's testimony about the limiting effects of her lower back, neck, and knee pain, her migraine headaches, and her depression. However, the ALJ found that Plaintiff's statements were "not entirely credible because the

4

objective medical evidence [was] inconsistent with the level of pain and limitation alleged by [Plaintiff]." (Tr. 28.) This was based, in part, on his conclusion that her treatment was limited to "conservative care, mostly in the form of pain medication, injections, and some physical therapy." *Id.*[3] As an initial matter, courts in this Circuit have rejected the notion that a plaintiff's conservative treatment implies a lack of credibility. *Cahill v. Colvin*, No. 12-CV-9445 (PAE)(MHD), 2014 WL 7392895, at *26 (S.D.N.Y. Dec. 29, 2014).

Furthermore, in concluding that Plaintiff's care was conservative, the ALJ overlooked substantial evidence that Plaintiff was also being treated by pain management specialists whom she saw on a monthly basis beginning in February 2015. (*See* Tr. 358-61 (February 9, 2015); Tr. 378-82 (March 2, 2015); Tr. 383-87 (March 30, 2015); Tr. 388-92 (April 27, 2015); Tr. 393-97 (May 26, 2015); Tr. 398-402 (June 29, 2015); Tr. 403-07 (July 27, 2015); Tr. 408-12 (August 27, 2015); Tr. 413-18 (September 24, 2015); Tr. 419-22 (October 22, 2015).) While this may have been due to the fact that the medical records from all but the February 9, 2015 visit were completely illegible, the ALJ had an affirmative obligation to develop a complete and detailed record by reaching out to Plaintiff's treating source for additional evidence or clarification. *McClinton v. Colvin*, No. 13-CV-8904 (CM)(MHD), 2015 WL 5157029, at *23 (S.D.N.Y. Sept. 2, 2015) ("When records produced are illegible but relevant to the plaintiff's claim, a remand is warranted to obtain supplementation and clarification.") (citing *Pratts v. Chater*, 94 F.3d 34, 38 (2d Cir.

---

[3] Additionally, the ALJ did not specifically indicate which impairments he considered when determining that Plaintiff's treatment was conservative. His statements and conclusions may be applicable to any of Plaintiff's pain issues involving her neck, lower back, or knees. For example, the ALJ concluded that "[n]o surgery has been advised." (Tr. 28.) However, the record contains clear evidence that Plaintiff had been advised of surgical options for her knee impairment by Dr. Charles DeMarco, an orthopedic surgeon. (Tr. 312.) This lack of clarity further counsels in favor of remand. *Suide*, 371 F. App'x at 690 (remand warranted where ALJ fails to "build an accurate and logical bridge from the evidence to [his] conclusion.").

1996)); *see also Cutler v. Weinberger*, 516 F.2d 1282, 1285 (2d Cir. 1975) ("Where the medical records are crucial to the plaintiff's claim, illegibility of important evidentiary material has been held to warrant a remand for clarification and supplementation."). The ALJ failed to meet this duty by failing to request clarification or supplementation of the record regarding Plaintiff's treatment for pain.

Moreover, without these pain management records, "[t]he ALJ was not entitled to draw [his] own medical conclusions" that Plaintiff received only conservative care for her pain issues. *Collins*, 2018 WL 259282, at *7. The ALJ's approach violated the basic rule that "[t]he ALJ is not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion" or a qualified expert. *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015). While the ALJ purportedly took "careful consideration of the entire record," (Tr. 27), the Court cannot discern how the ALJ made his determination without considering such pertinent medical evidence and without reference to these records (or the fact of their illegibility) anywhere in the decision. As a result, the case should be remanded for further development of the record and to ensure that the ALJ's decision does not rest on his own lay opinions, rather than sound medical judgment.[4] *Cichocki*, 729 F.3d at 177; *see also Legall v. Colvin*, No. 13-CV-1426 (VB), 2014 WL 4494753, at *4 (S.D.N.Y. Sept. 10, 2014) (quoting *Hilsdorf v. Comm'r of Soc. Sec.*, 724 F.Supp.2d 330, 347 (E.D.N.Y. 2010) ("Because an RFC determination is a medical determination, an ALJ who makes an RFC determination in the absence of supporting expert medical opinion has improperly substituted his [or her] own opinion for that of a physician, and has committed legal error.")).

---

[4] As noted earlier, instead of relying upon the opinions of Plaintiff's treating physicians and non-medical professionals, the ALJ gave "great weight" to the opinion of the consulting examiner, Dr. Quarles regarding Plaintiff's RFC. (Tr. 29.)

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's motion for judgment on the pleadings and denies the Commissioner's cross-motion. The Commissioner's decision is remanded for further consideration consistent with this Order. The Clerk of Court is respectfully requested to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: July 2, 2018
　　　　Brooklyn, New York